IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES LENEGAN | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-2063 |
| | : | |
| DAVID DIGUGLIELMO, et al. | : | |

MEMORANDUM AND ORDER

**Kauffman, J.**                                                                                                    May 29 , 2009

Now before the Court is the pro se Petition of James Lenegan ("Petitioner") for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated in the State Correctional Institution in Graterford, Pennsylvania. For the reasons that follow, the Petition will be denied.

## I. PROCEDURAL HISTORY

On April 29, 2005, following trial by jury, Petitioner was convicted of burglary, criminal mischief, criminal trespass, and possession of an instrument of crime. He was sentenced to a term of eighteen months to six years for the burglary and a consecutive term of one to three years for the possession of an instrument of crime. Petitioner appealed to the Superior Court of Pennsylvania, which affirmed the judgment and sentence on November 16, 2006. The Pennsylvania Supreme Court denied Petitioner's application for allowance of appeal on March 20, 2007.

On May 22, 2007, Petitioner filed the instant Petition seeking habeas corpus relief. He asserts that he received ineffective assistance of counsel because his trial counsel allegedly denied his constitutional right to testify on his own behalf, and because his counsel on direct appeal failed to raise the constitutional nature of his claims. He also asserts that the trial court

erred when it denied his suppression motions, and that there was insufficient evidence to support the conviction.[1]

The Court designated United States Magistrate Judge Linda K. Caracappa to submit a Report and Recommendation.[2] Magistrate Judge Caracappa recommended that the Court deny the Petition. Petitioner has objected to portions of the Report and Recommendation.[3] After de novo review, the Court will approve and adopt the Report and Recommendation. See 28 U.S.C. § 636(b)(1)(C).

## II.    LEGAL STANDARD

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2241 et seq., which places substantive limitations on the collateral relief available in federal court. Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[1] Magistrate Judge Caracappa also construed the petition as including a claim that the verdict was against the weight of the evidence. See Report and Recommendation at 2. However, Petitioner states that he raised only an insufficiency claim. See Objections at 3 ("As stated, the [P]etitioner [o]bjects to the Magistrates [sic] claim that he raised two claims regarding the evidence at his trial in the same claim. . . . [I]t is clear that the claim that was raised by the [P]etitioner is that the evidence was insufficient to support the verdict."). Accordingly, the Court will treat the sufficiency claim as the entirety of Petitioner's final claim.

[2] See 28 U.S.C. § 636(b)(1)(B); Local R. Civ. P. 72.1(I)(b).

[3] Petitioner raises objections to Magistrate Judge Caracappa's findings as to his ineffective assistance of counsel and his insufficiency of the evidence claims.

28 U.S.C. § 2254(d) (emphasis added).  The AEDPA also requires deference to state court factual findings: "a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

### III. ANALYSIS

#### A. Alleged Ineffective Performance of Trial Counsel

Petitioner claims that his trial counsel was ineffective because he advised against testifying based on an erroneous belief that Petitioner had a prior burglary conviction that could be used to impeach him.  See Pet 4–5.  The Superior Court rejected the claim because Petitioner was not prejudiced by the decision not to testify.  See Commonwealth v. Lenegan, Slip. Op. at 8–9 (Pa. Super. Ct. Nov. 16, 2006); see also United States v. Teague, 935 F.2d 1525, 1534 (11th Cir. 1992) (en banc) (stating that when a Petitioner claims that defense counsel denied him the right to testify, the claim should be analyzed as a claim of ineffective assistance of counsel).  Magistrate Judge Caracappa reached the same conclusion.  See Report and Recommendation 10–11.  Petitioner argues that "for the Magistrate to claim that it was in the [P]etitoner's best interest not to testify . . . is error."  Objections at 3.

The Sixth Amendment of the United States Constitution establishes the right to effective assistance of counsel.  To demonstrate a Sixth Amendment violation, Petitioner must prove: (1) that his "counsel's performance was deficient" and (2) that the deficient performance prejudiced him.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  Petitioner's burden under the first prong of Strickland is to show that his counsel's representation fell below an "objective standard of reasonableness."  Id. at 688.  Under the second prong, "[i]t is not enough for the [petitioner] to

show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693. The question, instead, is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Even if counsel's alleged mistake constituted deficient performance pursuant to the first prong of Strickland, Petitioner must show prejudice to succeed in his claim. Petitioner had several prior convictions for crimes of falsehood, such as forgery, that took place within ten years of his trial. See Commonwealth v. Lenegan, No. 3203 EDA 2005, at 10 (Pa. Super. Ct. Nov. 16, 2006), attached to Pet. as Ex. A. If Petitioner had testified, evidence of these crimes would have been admissible to impeach his credibility. See Pa. R. Evid. 609(a)–(b). While Magistrate Judge Caracappa may or may not be correct that "it was to [P]etitioner's benefit that he not testify," Report and Recommendation at 11, in light of the risks that testifying would have created, Petitioner certainly has failed to show the level of prejudice necessary to succeed in a Strickland claim. Accordingly, the state court's ruling as to Petitioner's claim was not contrary to or an unreasonable application of clearly established federal law, as determined by the United States Supreme Court.

### B.  Alleged Ineffective Performance of Counsel on Direct Appeal

Petitioner contends that his counsel on direct appeal was ineffective for failure to raise the constitutional nature of his claims. See Pet. 9–11. Magistrate Judge Caracappa refused to reach the merits of the claim because Petitioner had failed to raise the claim in state court. See Report and Recommendation 3–4; see also O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) (stating that before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust

his remedies in state court). Magistrate Judge Caracappa also found that time remained for Petitioner to seek state collateral review of this claim pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. §§ 9541 et seq., and Petitioner concedes that "[t]his may well be valid." Objections at 2.[4] Accordingly, Petitioner must exhaust his claim in state court before this Court can reach the merits of his claim.[5]

### C. Insufficiency of the Evidence

Petitioner contends that the evidence was insufficient to support the guilty verdict. See Pet. 16. Magistrate Judge Caracappa determined that Petitioner failed to raise this claim at any state court level, but noted that time remained for him to file a petition pursuant to the PCRA. See Report and Recommendation at 4–5. Because Petitioner's claim has not been exhausted, Magistrate Judge Caracappa's Report and Recommendation will be adopted as to this claim.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's claims for habeas relief will be denied and dismissed. Because Petitioner has not made the requisite showing of the denial of a constitutional right, a certificate of appealability should not issue. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

---

[4] "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

[5] Contrary to Petitioner's argument, Murray v. Carrier, 477 U.S. 478 (1986), is inapplicable because he concedes that time remains for him to exhaust in state court.